**UNITED STATES of America, Appellee,**

v.

**Vivian GLOVER, Defendant, Appellant.**

**No. 86–1632.**

United States Court of Appeals,
First Circuit.

Argued Jan. 7, 1987.
Decided March 18, 1987.

Willie J. Davis, Boston, Mass., for defendant, appellant.

Jonathan Chiel, Asst. U.S. Atty., with whom Robert S. Mueller, III, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Circuit Judge, ROSENN,* Senior Circuit Judge, and SELYA, Circuit Judge.

COFFIN, Circuit Judge.

Appellant Vivian Glover was convicted by a jury of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846. Her co-defendant, Pembroke Chinn, pled guilty on the day of trial to the conspiracy charge as well as to a second count of possession with intent to distribute. Glover's sole argument on appeal is that the district court erred in denying her motion for acquittal made at the conclusion of the government's case. She claims the evidence adduced at trial was insufficient to prove that she was part of a conspiracy.

The facts are as follows. On January 31, 1986, police officers forcibly entered the apartment appellant shared with Chinn in Brookline, Massachusetts. As Officer Peter Murphy entered the front door, he ob-

* Of the Third Circuit, sitting by designation.

served Chinn running toward the bathroom with a small package. Murphy tackled Chinn and took the package, which turned out to contain four ounces of cocaine. Murphy and other officers then searched the apartment and discovered, *inter alia*, an Ohaus balance scale, a Derring gram scale, a green plastic device known as a "sifter-grinder," metallic strainers or hand-sifters, and a bottle of lactose. Some of the items were found in a kitchen cabinet and others were in open view on a counter in the kitchen. Special Agent Thomas Doud of the Drug Enforcement Administration testified that these items were drug paraphernalia, that the apartment's kitchen contained all the items necessary to conduct a drug distribution venture, and that the items were not consistent with the personal use of cocaine. Murphy also discovered cash in the pockets of fur coats kept inside a locked bedroom closet, and Doud testified that it was common for cocaine traffickers to have large amounts of cash because they may have recently sold drugs or have been gathering money to purchase drugs. Murphy obtained the key for the closet from appellant.

About 30 minutes after the search began, and after most of the items described above had been found, Doud had a conversation with appellant. He asked if she knew where the seized cocaine had come from, and she replied that Chinn had brought it to the apartment the previous afternoon. Doud then asked if appellant knew whether there were other drugs in the apartment. She said she believed there was some heroin in a yellow packet in the kitchen. Officers were unable to locate any heroin, but did find a small quantity of cocaine in another part of the apartment, in addition to a small amount found in Chinn's pocket.

In reviewing denial of a motion for a judgment of acquittal,

> we view the evidence, together with all reasonable inferences that may legitimately be drawn therefrom, in the light most favorable to the government. The burden is on the government to prove beyond a reasonable doubt each and every element of the crime charged. The

government may prove its case through circumstantial evidence so long as the total evidence, including reasonable inferences, is sufficient to warrant a jury to conclude that the defendant is guilty beyond a reasonable doubt.

*United States v. Campa*, 679 F.2d 1006, 1010 (1st Cir.1982) (citations omitted); *see also United States v. Samalot Perez*, 767 F.2d 1, 4 (1st Cir.1985).

To convict appellant of conspiracy to distribute cocaine, the government had to prove

> "an agreement to disobey or to disregard the law. Two types of intent must be proven: intent to agree and intent to commit the substantive offense.... A conspiratorial agreement may be proven by circumstantial as well as direct evidence.... 'A common purpose and plan may be inferred from a development and collocation of circumstances.'"

. . . . .

> Furthermore, a conspiratorial agreement need not be express, but may consist of no more than a tacit understanding.

*United States v. Alemany Rivera*, 781 F.2d 229, 234 (1st Cir.1985) (citations omitted).

Appellant argues that the evidence of conspiracy in this case was insufficient because there was no direct connection between her and either the drugs found in Chinn's possession or the drug paraphernalia found in her home. She claims that the only reasonable inference to be drawn from the discovery of the drug paraphernalia is that Chinn—who was found with drugs in his possession—used the items, and she argues that "[s]imply because [she] shared the apartment with Chinn is not enough for a jury to draw the inference that she also used the items."

We disagree that the proof in this case indicates no more than that the appellant shared the apartment with Chinn. We conclude that the evidence, viewed as a whole in the light most favorable to the government, together with all legitimate inferences that can be drawn from it, was sufficient for a reasonable jury to conclude that

appellant conspired with the intent to distribute cocaine.

First, of primary significance to us was the discovery of drug paraphernalia *in plain view* in appellant's apartment at a time when she was present. Second, appellant knew details surrounding the packet of cocaine found in Chinn's possession; specifically, she knew when he brought it into the apartment and that it had been there continuously since that time. Finally, it was appellant who provided the key to unlock the bedroom closet where the cash was found in the fur coats. This is not a case of "mere presence" in which appellant was convicted simply because she was present at the scene of a crime and shared a relationship with the perpetrator. *Cf. United States v. Mehtala,* 578 F.2d 6, 10 (1st Cir.1978) (in case involving charge of aiding and abetting importation of marijuana, conviction reversed where, despite inferences of close relationship with captain of vessel, no evidence that appellant had control over the operation of the ship carrying the drugs or control over contents of ship's cargo and no evidence that she knew ship being used to transport drugs). Rather, the evidence of her knowledge of open drug activity in her apartment, combined with her control of the closet containing the cash, permitted the inference that she at least tacitly agreed to participate in a plan to possess cocaine with the intent to distribute it in which her role included providing the premises for the drug venture and controlling the funds generated as a result of it.

*Accordingly, the judgment of the district court is affirmed.*